1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

12 APR -5 AM 10: 16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                                    DEPUTY



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. STEWART; and DOES 1-143,<br><br>                                   Plaintiffs,<br><br>vs.<br><br>SAINT VINCENT DE PAUL; and STUDIO 15,<br><br>                                   Defendants. | CASE NO. 12-cv-642 – BEN (KSC)<br><br>ORDER:<br><br>(1) DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 2];<br><br>(2) DISMISSING COMPLAINT; and<br><br>(3) DENYING AS MOOT PENDING MOTIONS, [Doc. Nos. 4, 6, 9, 11]. |

Plaintiff Michael L. Stewart, proceeding *pro se*, has filed a purported class action complaint alleging a violation of civil rights as a result of Defendants' alleged policy prohibiting him and other persons with mental, physical, or emotional disabilities, some of whom are also "low income" or homeless, from assembling on a public sidewalk. [Doc. No. 1.] Plaintiff has not paid the $350 civil filing fee required to commence this action, but has filed a motion to proceed *in forma pauperis*. [Doc. No. 2.] Plaintiff also filed two requests to name additional Plaintiffs, a motion seeking an injunction, and a request to name additional Defendants. [Doc. Nos. 4, 6, 9, 11.] For the reasons set forth below, the Court **DENIES** the motion to proceed *in forma pauperis*, **DISMISSES** the complaint for failure to pay the filing fee, and **DENIES AS MOOT** all pending motions.

## DISCUSSION

Parties instituting any civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may

- 1 -

12cv642

1 | proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to
2 | proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176,
3 | 1177 (9th Cir. 1999). "All actions sought to be filed in forma pauperis, pursuant to 28 U.S.C. § 1915,
4 | must be accompanied by an affidavit that includes a statement of all assets which shows inability to
5 | pay initial fees or give security. This affidavit must consist of a declaration in support of request to
6 | proceed in forma pauperis." CIV. L.R. 3.2(a). Among other things, the declaration must contain the
7 | following: "[a] statement, if not currently employed, as to the date of last employment and the amount
8 | of wages or salary per month which was received," and "[a] statement as to any money received within
9 | the past twelve months from . . . any other source." CIV. L.R. 3.2(a)(2)-(3).

10 | In considering a non-prisoner's request to proceed *in forma pauperis*, the Court may, in its
11 | discretion, "impose a partial filing fee which is less than the full filing fee that is required by law, but
12 | which is commensurate with the applicant's ability to pay." CIV. L.R. 3.2(d); *see also Olivares v.*
13 | *Marshall*, 59 F.3d 109, 111 (9th Cir. 1995). "When determining the ability of an in forma pauperis
14 | plaintiff to pay a partial filing fee, the court may consider the plaintiff's cash flow in the recent past,
15 | and the extent to which the plaintiff has depleted his savings on nonessentials." *Alexander v. Carson*
16 | *Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993); *see also* CIV. L.R. 3.2(e) ("In order to qualify for
17 | a [partial fee] waiver, the person must justify depletions of the previously adequate account or income
18 | history to show that the depletion was not a deliberate attempt to avoid payment of initial filing fees.").

19 | In this case, Plaintiff's declaration in support of his motion to proceed *in forma pauperis*
20 | indicates that he is not currently incarcerated. It indicates that Plaintiff is currently unemployed, but
21 | fails to state the date of his last employment or the amount of wages per month that was received.
22 | Plaintiff notes that in the past twelve months he has received money from "social security, disability
23 | or other welfare," but fails to state the amount of any such payments. Plaintiff has a checking account,
24 | with a present balance of "$0.00." Plaintiff indicates that he owns a 2001 Mercedes s430, which is
25 | financed, with $10,000.00 still owed. Plaintiff indicates that there are no persons that depend on him
26 | for support. Finally, Plaintiff lists the following as his current obligations (which the Court assumes
27 | refer to monthly payments): car payment—$400.00; insurance—$150.00; phone—$90.00; credit
28 | card—$50.00; wash—$50.00; food—$150.00; gas—$100.00; and storage—$60.00.

1  Having reviewed Plaintiff's declaration in support of his motion, the Court finds it insufficient

2  to show that Plaintiff is unable to pay the fees or post securities required to maintain this action.  As

3  an initial matter, Plaintiff failed to list the date of his last employment and how much he earned there,

4  as required by Civil Local Rule 3.2(a)(2).  Moreover, Plaintiff states that he currently receives monthly

5  disability payments, but does not list how much he receives per month, as is required by Civil Local

6  Rule 3.2(a)(3)(e).[1]  Finally, considering all of the information provided by Plaintiff, the Court is not

7  convinced that he is unable to pay the fees or post securities required to maintain this action.  In

8  reaching this decision, the Court is mindful, of course, that the imposition of a filing fee should not

9  take an individual's last dollar.  *See Olivares*, 59 F.3d at 112 ("[T]he filing fee, while discretionary,

10  should not take the prisoner's last dollar.").  Nonetheless, considering all of the information, the Court

11  is not convinced that, "because of poverty, there is an inability to pay the initial costs of the

12  proceedings or give security therefore."  *See* CIV. L.R. 3.2(a)(7).  Accordingly, the Court **DENIES**

13  Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

**CONCLUSION**

15  For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.  If

16  Plaintiff believes that he is entitled to a partial fee waiver pursuant to Civil Local Rule 3.2(d), Plaintiff

17  must submit a declaration requesting the same and detailing Plaintiff's current and past income and

18  obligations.  Any such declaration should be submitted within 21 days of the filing of this Order.

19  The Court **DISMISSES** the Complaint for failure to pay the filing fee.  The Clerk of Court

20  shall reopen the case if, within 21 days of the filing of this Order, Plaintiff pays the $350 filing fee.

21  All of Plaintiff's pending motions are **DENIED AS MOOT**.

22  **IT IS SO ORDERED.**

24  Date:   April ___, 2012

Honorable Roger T. Benitez
United States District Judge

---

28  [1] The Court notes, however, that in the related action, Plaintiff's declaration in support of his motion to proceed *in forma pauperis* states that he currently receives monthly disability payments of $950.00.  *See Stewart v. Saint Vincent de Paul*, Case No. 12-cv-0597-BEN-KSC, Doc. No. 2.

12cv642