FILED

MAY - 8 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. STEWART; and DOES 1-143,<br><br>Plaintiffs,<br><br>vs.<br><br>SAINT VINCENT DE PAUL; and STUDIO 15,<br><br>Defendants. | CASE NO. 12-cv-642 – BEN (KSC)<br><br>ORDER:<br><br>(1) GRANTING RENEWED REQUEST TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 2]; and<br><br>(2) DIRECTING U.S. MARSHAL SERVICE PURSUANT TO 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). |

Plaintiff Michael L. Stewart, proceeding *pro se*, has filed a purported class action complaint alleging a violation of civil rights as a result of Defendants' alleged policy prohibiting him and other persons with mental, physical, or emotional disabilities, some of whom are also "low income" or homeless, from assembling on a public sidewalk. [Doc. No. 1.] Plaintiff has not paid the $350 civil filing fee required to commence this action, but has filed a motion to proceed *in forma pauperis*. On April 5, 2012, the Court denied Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint. [Doc. No. 17.] The Court noted that if Plaintiff believes that he is entitled to a partial fee waiver pursuant to Civil Local Rule 3.2(d), Plaintiff must submit a declaration requesting the same and detailing Plaintiff's current and past income and obligations. On April 12, 2012, Plaintiff submitted the present request for a full fee waiver. Upon further consideration, the Court **GRANTS** Plaintiff's renewed request to proceed *in forma pauperis* and **ORDERS** that this case be re-opened. The Court also finds that Plaintiff is entitled to U.S. Marshal service on his behalf.

1

**DISCUSSION**

2 **I.    Motion to proceed *in forma pauperis***

3        Parties instituting any civil action in a district court of the United States, except an application

4 for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may

5 proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to

6 proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176,

7 1177 (9th Cir. 1999). Having reviewed Plaintiff's request for a full waiver of fees and his declaration

8 in support thereof, the Court finds them sufficient to show that Plaintiff is unable to pay the fees or

9 post securities required to maintain this action. Accordingly, the Court **GRANTS** Plaintiff's request

10 to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

11 **II.    *Sua sponte* screening**

12        Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, the Court must dismiss

13 any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a

14 claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

15 from such relief." The *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127

16 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

17        Having reviewed Plaintiff's Complaint in this case, the Court finds that as currently pleaded,

18 the Complaint survives the *sua sponte* screening of 28 U.S.C. § 1915(e)(2)(B). Plaintiff is cautioned,

19 however, that "the sua sponte screening and dismissal procedure is cumulative of, not a substitute for,

20 any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *See Teahan v. Wilhelm*,

21 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

22 **III.    U.S. Marshal service**

23        Because Plaintiff is entitled to proceed *in forma pauperis*, he is entitled to U.S. Marshal

24 service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

25 all process, and perform all duties in [*in forma pauperis*] cases."); FED. R. CIV. P. 4(c)(3)

26 ("[T]he court may order that service be made by a United States marshal or deputy marshal . . .

27 if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . .").

28 ///

12cv642

**CONCLUSION**

Plaintiff's renewed motion to proceed *in forma pauperis* is **GRANTED**. It is **ORDERED** that the Clerk of Court shall re-open this case. **IT IS FURTHER ORDERED** that:

1.  The Clerk shall issue a summons as to Plaintiff's Complaint, [Doc. No. 1], and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons for purposes of serving Defendants. Plaintiff is directed to complete the Form 285 completely and accurately and return it to the U.S. Marshal according to the instructions provided by the Clerk with the form. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the Form 285. All costs of service shall be advanced by the United States.

2.  Defendants are thereafter ORDERED to respond to Plaintiff's Complaint within the applicable time under Federal Rule of Civil Procedure 12(a).

3.  Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a signed certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a signed Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Date:  May ___, 2012

Honorable Roger T. Benitez
United States District Judge

12cv642