FILED

2012 MAY 21 PM 3:19

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. STEWART; and DOES 1-143,<br><br>Plaintiffs,<br><br>vs.<br><br>SAINT VINCENT DE PAUL; and STUDIO 15,<br><br>Defendants. | CASE NO. 12-cv-642 – BEN (KSC)<br><br>ORDER:<br><br>(1) DENYING WITHOUT PREJUDICE MOTION FOR LODGMENT OF DVD, [Doc. No. 25];<br><br>(2) DENYING WITHOUT PREJUDICE MOTION TO FILE IN BOTH CASES, TO ENFORCE, TO AMEND, AND FOR HEARING DATE, [Doc. No. 27];<br><br>(3) DENYING WITHOUT PREJUDICE MOTION TO FILE NAMES OF PLAINTIFFS, [Doc. No. 29]; and<br><br>(4) GRANTING MOTION TO FILE EXHIBIT B, [Doc. No. 16]. |

Plaintiff Michael L. Stewart, proceeding *pro se*, has filed a purported class action complaint alleging a violation of civil rights as a result of Defendants' alleged policy prohibiting him and other persons with mental, physical, or emotional disabilities, some of whom are also "low income" or homeless, from assembling on a public sidewalk. The Court initially dismissed the case for failure to pay the filing fee. On May 8, 2012, the Court granted Plaintiff's renewed request to proceed *in forma pauperis* and ordered that the case be re-opened. The Court also found that Plaintiff was entitled to U.S. Marshal service on his behalf. Currently before the Court are the following motions filed by

1  Plaintiff: (1) motion for lodgment of DVD; (2) motion to file in both cases, to enforce, to amend, and
2  for hearing date; (3) motion to file names of additional plaintiffs; and (4) motion to file Exhibit B.
3      The Court first addresses Plaintiff's motion to file in both cases, to enforce, to amend, and for
4  hearing date. This motion is unclear as to the specific relief requested. First, Plaintiff appears to ask
5  the Court to reinstate Plaintiff's prior motion for an injunction and motion to name Plaintiffs in this
6  class action. [*See* Doc. Nos. 4, 6.] The Court previously denied these motions (as well as several
7  others) as moot in light of the Court's initial dismissal of the case. [*See* Doc. No. 17.] If Plaintiff
8  wishes for these (and any other) prior motions to be considered, he should re-file them with the Court.
9  Prior to filing any of the motions, Plaintiff should call the Court to obtain a hearing date. Second,
10 Plaintiff's motion appears to ask the Court to stay these proceedings, to commence criminal
11 proceedings against Defendants, and to consolidate the two sets of proceedings. The Court, however,
12 does not have the authority to commence criminal proceedings against Defendants. *See Matthews v.*
13 *Villella*, 381 Fed. App'x 137, 140 (3d Cir. 2010) (agreeing with the district court that plaintiff's
14 request for criminal charges to be brought against the defendants was an improper request for relief);
15 *Ellen v. Stamm*, 951 F.2d 359, 1991 WL 270788, at *1 (9th Cir. Dec. 19, 1991) (unpublished opinion)
16 ("It is well established that private citizens can neither bring a direct criminal action against another
17 person nor can they petition the federal courts to compel the criminal prosecution of another person.").
18 The decision to institute criminal proceedings lies within the discretion of the proper state or federal
19 prosecuting authority. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the
20 executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a
21 case"); *Mercer v. Lexington Fayette Urban Cnty. Gov.*, 52 F.3d 325, 1995 WL 222178, at *1 (6th Cir.
22 Apr. 13, 1995) (unpublished opinion) ("[A]uthority to initiate a criminal complaint rests exclusively
23 with state and federal prosecutors."). Accordingly, to the extent Plaintiff asks the Court to commence
24 criminal proceedings against Defendants and to stay this case while those proceedings are being
25 instituted, that part of Plaintiff's motion is **DENIED**.
26     Plaintiff's other motion seeks to add names of plaintiffs to the complaint and in support of his
27 motion for injunction (which Plaintiff has not yet re-filed). It is unclear, however, on what basis
28 Plaintiff seeks to add these names and whether these individuals are being added as individual

plaintiffs or class members. Accordingly, the motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff also filed a motion seeking leave to lodge with the Court two DVDs in support of his motions for injunction, joinder, and criminal proceedings. Because Plaintiff's motion for injunction has not been re-filed yet, and because his other motions are denied, the Court also **DENIES WITHOUT PREJUDICE** the motion to lodge the DVDs.[1]

Finally, the Court notes that Plaintiff previously filed a motion to file Exhibit B in support of his complaint and various motions. [*See* Doc. No. 16.] The Court has not previously ruled on this motion. Good cause appearing, the motion is **GRANTED**. The Clerk of Court is **ORDERED** to file Plaintiff's Exhibit B as supplementation to Plaintiff's Complaint. *See* FED. R. CIV. P. 15(d).

## CONCLUSION

Plaintiff's motion to file in both cases, to enforce, to amend, and for hearing date is **DENIED WITHOUT PREJUDICE**. [Doc. No. 27.] The Court does not have the authority to commence criminal proceedings against Defendants. To the extent Plaintiff seeks to reinstate his prior motions that were previously denied as moot, he should re-file those motions with the Court. Prior to filing any of the motions, Plaintiff should call the Court to obtain a hearing date. Finally, to the extent Plaintiff seeks to file in both civil cases, the Court notes that Plaintiff's other case (Case No. 12-cv-597) was dismissed on April 5, 2012 for failure to pay the filing fee. Since then, Plaintiff has not paid the filing fee nor submitted a renewed application seeking to proceed *in forma pauperis* in that case.

Plaintiff's motion to file names of additional plaintiffs in support of his complaint and various motions is **DENIED WITHOUT PREJUDICE**. [Doc. No. 29.]

The motion for lodgment of DVDs is **DENIED WITHOUT PREJUDICE**. [Doc. No. 25.]

Plaintiff's motion to file Exhibit B in support of his Complaint is **GRANTED**. [Doc. No. 16.] The Clerk of Court is **ORDERED** to file Plaintiff's Exhibit B on the docket.

IT IS SO ORDERED.

Date: May 18, 2012

Honorable Roger T. Benitez
United States District Judge

---

[1] To the extent Plaintiff seeks to lodge the DVDs as evidence, the Court notes that the videos contained on the DVDs are cumulative of the factual allegations set forth in the Complaint.