UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEWART,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>ST. VINCENT de PAUL, INC., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 12-CV-642 BEN (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AS MOOT**<br><br>[Doc. Nos. 39, 43, 47] |

**INTRODUCTION**

Currently before this Court are Motions to Dismiss ("Motions") filed by Defendants St. Vincent de Paul ("St. Vincent") and Studio 15 Housing Partners, L.P. ("Studio 15") and Plaintiff's Motion for a Preliminary Injunction. The Defendants' Motions are in response to *pro se* Plaintiff Michael L. Stewart's purported class action complaint alleging a violation of civil rights as a result of Defendants' alleged policy prohibiting him and other persons with mental, physical, or emotional disabilities, some of whom are also "low income" or homeless, from assembling on a public sidewalk.

The Court now finds the Motions suitable for disposition on the papers without oral argument pursuant to Local Civil Rule 7.1.d. Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Motions are **GRANTED**. Plaintiff's Motion for a Preliminary Injunction

is therefore **DENIED** as moot.

## BACKGROUND

Plaintiff alleges that Defendants have violated his constitutional rights by prohibiting him and others from assembling on the sidewalk in front of their properties. (Compl., pgs. 1-2.) Plaintiff further alleges that Defendants' tactics included threats, calls to police, and the denial of restroom access and free food and shelter to residents who congregate on the sidewalk. *Id.* Plaintiff seeks an injunction prohibiting Defendants from engaging in such conduct. Defendants move separately to dismiss Plaintiff's Complaint.

## DISCUSSION

### I. Subject-Matter Jurisdiction

Defendants move to dismiss Plaintiff's Complaint in part arguing the Court lacks subject-matter jurisdiction.[1] FED. R. CIV. P. 12(b)(1). "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Federal courts are courts of limited jurisdiction and thus there is a general presumption against federal court review. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Because the petitioner bears the burden of raising a colorable constitutional claim or question of law . . . it necessarily follows that we must presume that we lack jurisdiction absent such a showing." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Jurisdictional issues must be decided before those going to the merits of the claim. *Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir. 1975).

Generally, federal courts have jurisdiction to decide a federal claim for relief. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Co. of Oneida,* 414 U.S. 661, 666 (1974)). This "substantiality" question is a threshold issue addressed prior to determining whether

---

[1] While Defendant Studio 15's motion to dismiss does not challenge the Court's jurisdiction to hear this case, it raises the issue in its Opposition to Plaintiff's Motion for Preliminary Injunction. [Doc. No. 49.]

the complaint properly states a claim. *See Bell v. Hood*, 327 U.S. 678, 683-84 (1946) ("[T]he complaint does in fact raise serious questions, both of law and fact, which the district court can decide only after it has assumed jurisdiction over the controversy.").

"The test for dismissal [due to lack of jurisdiction] is a rigorous one and if there is any foundation of plausibility to the claim, federal jurisdiction exists." 13D Wright, Miller & Cooper, *Federal Practice & Procedure*, Jurisdiction 3d § 3564. Furthermore, since Plaintiff is proceeding without counsel, the Court will liberally construe his Complaint.[2] Having reviewed the Complaint, Plaintiff has pleaded a federal cause of action sufficient to invoke federal jurisdiction.

> Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover . . . . If the court . . . exercise[s] its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be based on the merits, not for want of jurisdiction.

*Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999) (quoting *Bell*, 327 U.S. at 678, 682).

The Court agrees with Defendants that there are flaws on the face of Plaintiff's Complaint. They are not so serious, however, as to deprive the Court of jurisdiction to hear this case.

**II. Plaintiff's Failure to State a Claim Upon Which Relief Can Be Granted**

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

Even taking all of his allegations as true, Plaintiff has failed to raise a colorable constitutional claim. Essentially, the factual allegations in Plaintiff's Complaint are that Defendants stated that it was illegal to be on the sidewalk in front of their properties, and that Defendants retaliated against Plaintiff

---

[2] "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers...." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

and others by calling the police and denying free food and shelter.  (Compl. at 1-2.)

"Individuals and private entities are not normally liable for violations of most rights secured by the United States Constitution." *Morse v. N. Coast Opportunities*, 118 F.3d 1338, 1340 (9th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)). "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-747 (9th Cir. 2003) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2000)).  Liberally construing Plaintiff's *pro se* complaint, the Court agrees with Defendants that, as currently pled in the Complaint, Defendants are not state actors.

Plaintiff alleges no facts demonstrating that either Defendant is a state actor for the purposes of 42 U.S.C. § 1983.  "To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).  These elements of § 1983 do not apply to "merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (citation and internal quotation marks omitted).  Plaintiff has failed to allege plausible facts that Defendants are government actors or that they have acted under color of state law. *See Brentwood Acad.*, 531 U.S. at 295 (listing facts that may warrant attribution of private conduct to the State, including whether the State delegated a "public function" to, or exercised coercive power over, a private entity).

Furthermore, Plaintiff has failed to allege any facts that indicate that Defendants violated the Federal Civil Rights Act of 1964, and has only made conclusory statements to that effect. [Pl.'s Reply, ¶¶ E-F].  The Court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied,* 454 U.S. 1031 (1981)). Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**III. Class Representation by Pro Se Counsel**

Because Plaintiff's claim is dismissed on other grounds, the Court need not reach the issue of Plaintiff's purported *pro se* representation of a class of individuals.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's Motion for a Preliminary Injunction is **DENIED** as moot. Plaintiff is granted leave to file a second amended complaint on or before September 3, 2012.

**IT IS SO ORDERED.**

DATED: August 6, 2012

_____
Hon. Roger T. Benitez
United States District Judge