1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL STEWART,

Plaintiff,

vs.

ST. VINCENT de PAUL, INC., et al.,

Defendants.

CASE NO. 12-CV-642 BEN (KSC)

**ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS AND DENYING
PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION AS
MOOT**

[Doc. Nos. 39, 43, 47]

## INTRODUCTION

Currently before this Court are Motions to Dismiss ("Motions") filed by Defendants St. Vincent de Paul ("St. Vincent") and Studio 15 Housing Partners, L.P. ("Studio 15") and Plaintiff's Motion for a Preliminary Injunction. The Defendants' Motions are in response to *pro se* Plaintiff Michael L. Stewart's purported class action complaint alleging a violation of civil rights as a result of Defendants' alleged policy prohibiting him and other persons with mental, physical, or emotional disabilities, some of whom are also "low income" or homeless, from assembling on a public sidewalk.

The Court now finds the Motions suitable for disposition on the papers without oral argument pursuant to Local Civil Rule 7.1.d. Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Motions are **GRANTED**. Plaintiff's Motion for a Preliminary Injunction

12cv642

1    is therefore **DENIED** as moot.

2                                **BACKGROUND**

3           Plaintiff alleges that Defendants have violated his constitutional rights by prohibiting him and

4    others from assembling on the sidewalk in front of their properties.  (Compl., pgs. 1-2.)  Plaintiff

5    further alleges that Defendants' tactics included threats, calls to police, and the denial of restroom

6    access and free food and shelter to residents who congregate on the sidewalk.  *Id.*  Plaintiff seeks an

7    injunction prohibiting Defendants from engaging in such conduct.  Defendants move separately to

8    dismiss Plaintiff's Complaint.

9                                 **DISCUSSION**

10   **I. Subject-Matter Jurisdiction**

11          Defendants move to dismiss Plaintiff's Complaint in part arguing the Court lacks subject-

12   matter jurisdiction.[1]  FED. R. CIV. P. 12(b)(1).  "Jurisdiction is essentially the authority conferred by

13   Congress to decide a given type of case one way or the other."  *The Fair v. Kohler Die & Specialty*

14   *Co.*, 228 U.S. 22, 25 (1913).  Federal courts are courts of limited jurisdiction and thus there is a

15   general presumption against federal court review.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

16   U.S. 375, 377 (1994).  "Because the petitioner bears the burden of raising a colorable constitutional

17   claim or question of law . . . it necessarily follows that we must presume that we lack jurisdiction

18   absent such a showing."  *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).  Jurisdictional

19   issues must be decided before those going to the merits of the claim.  *Alvares v. Erickson*, 514 F.2d

20   156, 160 (9th Cir. 1975).

21          Generally, federal courts have jurisdiction to decide a federal claim for relief.  "Dismissal for

22   lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when

23   the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise

24   completely devoid of merit as not to involve a federal controversy.'"  *Steel Co. v. Citizens for a Better*

25   *Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Co. of Oneida,* 414 U.S. 661,

26   666 (1974)).  This "substantiality" question is a threshold issue addressed prior to determining whether

27

28          [1]While Defendant Studio 15's motion to dismiss does not challenge the Court's jurisdiction
     to hear this case, it raises the issue in its Opposition to Plaintiff's Motion for Preliminary Injunction.
     [Doc. No. 49.]

1   the complaint properly states a claim.  *See Bell v. Hood*, 327 U.S. 678, 683-84 (1946) ("[T]he

2   complaint does in fact raise serious questions, both of law and fact, which the district court can decide

3   only after it has assumed jurisdiction over the controversy.").

4       "The test for dismissal [due to lack of jurisdiction] is a rigorous one and if there is any

5   foundation of plausibility to the claim, federal jurisdiction exists."  13D Wright, Miller & Cooper,

6   *Federal Practice & Procedure*, Jurisdiction 3d § 3564.  Furthermore, since Plaintiff is proceeding

7   without counsel, the Court will liberally construe his Complaint.[2]  Having reviewed the Complaint,

8   Plaintiff has pleaded a federal cause of action sufficient to invoke federal jurisdiction.

9       Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a
    cause of action on which petitioners could actually recover . . . .  If the court . . . exercise[s]
10  its jurisdiction to determine that the allegations in the complaint do not state a ground for
    relief, then dismissal of the case would be based on the merits, not for want of jurisdiction.

11

12  *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir.

    1999) (quoting *Bell*, 327 U.S. at 678, 682).

13

14      The Court agrees with Defendants that there are flaws on the face of Plaintiff's Complaint.

    They are not so serious, however, as to deprive the Court of jurisdiction to hear this case.

15

16                 **II.  Plaintiff's Failure to State a Claim Upon Which Relief Can Be Granted**

17      Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief

18  can be granted.  Dismissal is appropriate if, taking all factual allegations as true, the complaint fails

    to state a plausible claim for relief on its face.  FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*,
19
    550 U.S. 544, 556–57 (2007).  Under this standard, dismissal is appropriate if the complaint fails to
20
    state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter
21
    complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted.
22
    *Twombly*, 550 U.S. at 556.
23
        Even taking all of his allegations as true, Plaintiff has failed to raise a colorable constitutional
24
    claim.  Essentially, the factual allegations in Plaintiff's Complaint are that Defendants stated that it was
25
    illegal to be on the sidewalk in front of their properties, and that Defendants retaliated against Plaintiff
26

27

28      [2]"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards
    than formal pleadings drafted by lawyers...." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting
    *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

1   and others by calling the police and denying free food and shelter.  (Compl. at 1-2.)

2       "Individuals and private entities are not normally liable for violations of most rights secured

3   by the United States Constitution." *Morse v. N. Coast Opportunities*, 118 F.3d 1338, 1340 (9th Cir.

4   1997) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)).  "Only when the government

5   is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Single*

6   *Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-747 (9th Cir. 2003) (citing *Brentwood Acad. v.*

7   *Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2000)).  Liberally construing Plaintiff's *pro*

8   *se* complaint, the Court agrees with Defendants that, as currently pled in the Complaint, Defendants

9   are not state actors.

10      Plaintiff alleges no facts demonstrating that either Defendant is a state actor for the purposes

11  of 42 U.S.C. § 1983.  "To state a claim for relief in an action brought under § 1983, [Plaintiff] must

12  establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and

13  that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co.*

14  *v. Sullivan,* 526 U.S. 40, 49-50 (1999).  These elements of § 1983 do not apply to "merely private

15  conduct, no matter how discriminatory or wrongful." *Id.* at 50 (citation and internal quotation marks

16  omitted).  Plaintiff has failed to allege plausible facts that Defendants are government actors or that

17  they have acted under color of state law. *See Brentwood Acad.*, 531 U.S. at 295 (listing facts that may

18  warrant attribution of private conduct to the State, including whether the State delegated a "public

19  function" to, or exercised coercive power over, a private entity).

20      Furthermore, Plaintiff has failed to allege any facts that indicate that Defendants violated the

21  Federal Civil Rights Act of 1964, and has only made conclusory statements to that effect. [Pl.'s Reply,

22  ¶¶ E-F].  The Court does not "assume the truth of legal conclusions merely because they are cast in

23  the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting

24  *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied,* 454 U.S. 1031 (1981)).

25  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

26  **III. Class Representation by Pro Se Counsel**

27      Because Plaintiff's claim is dismissed on other grounds, the Court need not reach the issue of

28  Plaintiff's purported *pro se* representation of a class of individuals.

**CONCLUSION**

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**   Plaintiff's Motion for a Preliminary Injunction is **DENIED** as moot.  Plaintiff is granted leave to file a second amended complaint on or before September 3, 2012.

**IT IS SO ORDERED.**

DATED:  August 6, 2012

_____
Hon. Roger T. Benitez
United States District Judge

12cv642