FILED

13 JAN 11 AM 11: 54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: 𝛼   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEWART and DOES 1-143,<br><br>Plaintiffs,<br><br>vs.<br><br>SAINT VINCENT DE PAUL and STUDIO 15,<br><br>Defendants. | CASE NO. 12-CV-642 BEN (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 65, 66]**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION TO ADD NAMES [ECF No. 76];**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION FOR AN INJUNCTION [ECF No. 81];**<br><br>**(4) DENYING AS MOOT PLAINTIFF'S MOTION TO FILE EXHIBIT A 1-9 [ECF No. 83];**<br><br>**(5) DENYING AS MOOT PLAINTIFF'S MOTION TO LODGE DVD EVIDENCE [ECF No. 85].** |

Presently before the Court are Motions to Dismiss filed by Defendants Saint Vincent de Paul Village, Inc. ("St. Vincent") and Studio 15 Housing Partners, L.P. ("Studio 15"), [ECF No. 65, 66], and various motions filed by Plaintiff Michael L. Stewart [ECF Nos. 76, 81, 83, 85]. Defendants' motions are in response to an apparent amended complaint [ECF No. 64] in Stewart's purported class action lawsuit against Defendants. Stewart, proceeding *pro se*, again alleges that

Defendants violated the constitutional rights of himself and others by prohibiting them from assembling on the sidewalk in front of Defendants' properties. Because Stewart's allegations do not support a reasonable inference that Defendants acted under color of state law, the Court **GRANTS** Defendants' motions to dismiss.

## BACKGROUND

St. Vincent asserts that it is a non-profit religious corporation. Studio 15 asserts that it is an affordable housing provider. On August 6, 2012, the Court dismissed Stewart's initial complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) but granted Stewart leave to file a "second amended complaint."[1] [ECF No. 63.] Nine days later, Stewart filed a document titled "Motion to File 2nd Amended Complaint And Name Defendants In Support of Complaint." [ECF No. 64.] The Court construes that document as the Second Amended Complaint ("SAC"). Since that time, Stewart has filed other motions with the Court, including: (1) motion to add names [ECF No. 76]; (2) motion for an injunction [ECF No. 81]; (3) motion to file Exhibit A 1-9 [ECF No. 83]; and (4) motion to lodge DVD evidence [ECF No. 85].

The SAC is familiar. It consists of Stewart's original handwritten complaint (pgs. 2-5) with minor alterations,[2] a declaration from Stewart (pgs. 6-7), and a declaration of service (pgs. 8-10).[3] The basic factual allegations are unchanged. Stewart accuses Defendants of violating the First and Fourteenth Amendments by prohibiting persons with mental, physical, or emotional disabilities, some of whom are "low income" or homeless, from assembling on a public sidewalk. SAC at 4-5. He alleges that Defendants' tactics included threats, calls to police, and the denial of restroom access and free food and shelter to people who congregate on the sidewalk. *Id.* The only new substantive material is on pages 6-7. In this section, Stewart requests permission to add as defendants five named individuals, including "Officer Superville" and "Officer Tassie." *Id.* at 6. Further, he asks the Court

---

[1] The Court's use of the term "second amended complaint" appears to have been in error as no "first amended complaint" appears on the docket. Regardless, because all parties now refer to the operative complaint as the "Second Amended Complaint," the Court will do so as well.

[2] For example, Stewart appears to have changed the number of plaintiffs from 143 to 250 by writing the latter number on top of the former. SAC at 4. Stewart continues to designate the case as a class action. SAC at 2.

[3] Pinpoint citations to the SAC refer to the page numbers generated by the CM/ECF system.

"not to rule out that some of the defendants were acting under the color of the law and the City of San Diego gives them the power to violated [sic] Federal Civil Right laws thu [sic] its bussiness [sic] partnership." *Id.* at 6-7. Both Defendants move to dismiss. In the alternative, they request an order for a more definite statement. The Court decides both motions without oral argument. *See* CIVLR 7.1.d.1.

## DISCUSSION

### I. Subject-Matter Jurisdiction

St. Vincent's motion to dismiss is based, in part, on the Court's purported lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Typically, "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999). Dismissal is appropriate only "when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Co. of Oneida*, 414 U.S. 661, 666 (1974)).

In its previous dismissal order [ECF No. 63], the Court agreed with Defendants that Stewart's pleading was flawed. It concluded, however, that the flaws were not so severe as to strip the Court of jurisdiction. *Stewart v. St. Vincent de Paul, Inc.*, No. 12-CV-642 BEN (KSC), 2012 WL 3205576, at *2 (S.D. Cal. Aug. 6, 2012). The Court's thinking has not changed. Dismissal in this case is more appropriately based upon Stewart's failure to state a claim than on lack of jurisdiction. *See Morse v. N. Coast Opportunities*, No. C 95-1455 FMS, 1995 U.S. Dist. LEXIS 18773, at *2-4 (N.D. Cal. Dec. 5, 1995) (construing a similar motion to dismiss for lack of subject matter jurisdiction as a motion to dismiss for failure to state a claim), *aff'd*, 118 F.3d 1338 (9th Cir. 1997); *see also Caviness v. Horizon Cmty. Learning Ctr.*, 590 F.3d 806, 811 (9th Cir. 2010).

### II. Failure to State a Claim

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state

1  a claim upon which relief can be granted. "Dismissal under Rule 12(b)(6) is appropriate only where
2  the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
3  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint must set
4  out "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
5  550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to
6  plead factual content that provides "more than a sheer possibility that a defendant has acted
7  unlawfully"). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the
8  elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions'
9  devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555,
10 557).

11  Stewart has alleged violations of the First and Fourteenth Amendments of the Constitution.
12 It is well-settled that "[i]ndividuals and private entities are not normally liable for violations of most
13 rights secured by the United States Constitution." *Morse v. N. Coast Opportunities*, 118 F.3d 1338,
14 1340 (9th Cir. 1997). "In order to maintain a cause of action based on an allegation of constitutional
15 violations, a plaintiff must show that the actions complained of are 'fairly attributable' to the
16 government." *Id.* (citation omitted). Private conduct may be treated as state action "'if, though only
17 if, there is such a close nexus between the State and the challenged action that seemingly private
18 behavior may be fairly treated as that of the State itself.'" *Single Moms, Inc. v. Mont. Power Co.*, 331
19 F.3d 743, 747 (9th Cir. 2003) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531
20 U.S. 288, 295 (2000)). "Some of the factors to consider in determining whether there is a 'close
21 nexus' are: (1) the organization is mostly comprised of state institutions; (2) state officials dominate
22 decision making of the organization; (3) the organization's funds are largely generated by the state
23 institutions; and (4) the organization is acting in lieu of a traditional state actor." *Villegas v. Gilroy
24 Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008).

25  Stewart fails to plead sufficient factual matter to permit the Court to draw the reasonable
26 inference that the actions complained of are "fairly attributable" to the government. As before, he
27 alleges that Defendants tell people it is illegal to be on a public sidewalk, and that they threaten people,
28 call the police, and deny people "goods and services." This time, he alleges that "some of the

1  defendants" have a business partnership with the City of San Diego. SAC at 6-7. That is not enough.
2  Stewart's request to add two defendants identified as "officer" suggests perhaps some government
3  involvement, but the SAC does not give any indication who these individuals are, what conduct is
4  attributed to them, or what relationship they have, if any, to the named Defendants. Similarly, asking
5  the Court "not to rule out" a vague theory that "some of the defendants" were acting under the color
6  of the law because of an undefined business partnership with the city does not get Stewart over the
7  pleading bar.
8       In written responses to Defendants' motions to dismiss, Stewart suggests that: (1) Defendants
9  "obtain federal assistance" [ECF No. 68]; and (2) "the security teams are state actors by the state of
10 ca" [ECF No. 70]. The Court declines to consider allegations that do not appear in the SAC. *See Hal*
11 *Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("Generally,
12 a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6)
13 motion.")
14      In sum, Stewart again fails to state a claim upon which relief can be granted. The Court
15 **DISMISSES** the Second Amended Complaint. Because it is not "absolutely clear that the deficiencies
16 of the complaint could not be cured by amendment," the Court will permit Stewart to amend, subject
17 to limitations discussed in the following section, which addresses the class action allegations.
18 *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation
19 omitted).
20      **III. Class Action Allegations**
21      Defendants argue that Stewart cannot bring a class action because he is not a lawyer. The
22 Court agrees. The right of an individual to represent himself in federal court is governed by 28 U.S.C.
23 § 1654, which provides that "parties may plead and conduct *their own cases personally*[.]" (emphasis
24 added). Courts have "routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing
25 claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661,
26 664 (9th Cir. 2008); *see also Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While
27 a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for
28 others than himself."); *Morgovsky v. Adbrite, Inc.*, No: C 10-05143 SBA, 2012 U.S. Dist. LEXIS

62951, at *12-14 (N.D. Cal. May 4, 2012) (granting a motion to dismiss class action claims because "[p]ro se plaintiffs cannot pursue claims on behalf of others in a representative capacity"). Stewart has not challenged Defendants' assertions that he is not a lawyer. He is hereby advised that if he files an amended complaint in this action *pro se*, he may not raise allegations or seek relief on behalf of other plaintiffs. Failure to adhere to this instruction will result in dismissal.

## CONCLUSION

For the aforementioned reasons, Defendants' Motions to Dismiss [ECF Nos. 65, 66] are **GRANTED**. Plaintiff's Second Amended Complaint [ECF No. 64] is **DISMISSED** with leave to amend, with the exception that all claims made on behalf of others are **DISMISSED** without leave to amend. In light of the Court's dismissal, Stewart's pending motions [ECF Nos. 76, 81, 83, 85] are **DENIED AS MOOT**. If Stewart chooses to file an amended complaint, he must do so within 21 days from the entry of this order.

**IT IS SO ORDERED.**

Date: January 11, 2013

Honorable Roger T. Benitez
United States District Judge